BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
      mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.*

| Electronically Filed January 22, 2014 |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

    MARTIFER SOLAR USA, INC., a
California corporation,

               Debtor.

Case No. BK-S-14-10357-abl

Chapter 11

**DEBTOR'S MOTION FOR AN ORDER (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITY PROVIDERS; (3) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Hearing Date:   OST REQUEST PENDING
Hearing Time:   OST REQUEST PENDING

     Martifer Solar USA, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), respectfully submits this motion (the "Motion"), pursuant to Bankruptcy Code[1] sections 105(a) and 366, and Local Rule 4001(e), for entry of an Order (1) prohibiting utility

---

    [1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of
(footnote continued)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

providers from altering, refusing or discontinuing service, (2) authorizing Debtor to pay utility providers in the ordinary course of business, (3) deeming utility providers adequately assured of future performance, and (4) establishing procedures for determining requests for additional adequate assurance.

The requested relief is necessary because uninterrupted utility services are critical to Debtor's ability to sustain its operations.  If utility providers cease providing service to Debtor, Debtor's business will be severely damaged thereby jeopardizing the value of its assets.  Moreover, the utility providers will not suffer any tangible economic harm as a result of the relief requested herein, as Debtor will compensate the utility providers in full for any postpetition services they provide.

The Motion is made and based upon the following memorandum of points and authorities, the Omnibus Declaration of Klaus Bernhart (the "Omnibus Declaration"), filed in support of Debtor's First Day Motions, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 22nd day of January 2014.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett A. Axelrod_____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        MICAELA RUSTIA MOORE, ESQ.
        Nevada Bar No. 9676
        3800 Howard Hughes Parkway, Suite 500
        Las Vegas, Nevada 89169
        *[Proposed] Counsel for Martifer Solar USA, Inc.*

**MEMORANDUM POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 366.

## II.

## FACTUAL BACKGROUND

4.      On January 21, 2014 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      Debtor is continuing in possession of its property and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

6.      No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.

7.      The factual background relating to Debtor's commencement of this Chapter 11 Case is set forth in detail in the Omnibus Declaration and is incorporated for all purposes herein by this reference.

8.      In the normal course of business, Debtor has relationships with various utilities for, among other things, electricity, natural gas, water, telecommunications, sewage, trash removal and other similar services ("Utility Services")[2] from numerous companies or divisions thereof (the "Utility Providers"). Debtor intends to continue to use the Utility Providers that are set forth on **Exhibit A**[3]

---

[2] The Bankruptcy Code does not define "utility," but Debtor reserves all rights to argue that any entity listed on the Utilities List is a "utility" within the meaning of or entitled to the protection of Bankruptcy Code section 366 and to argue that any such entity is compelled by contractual obligation, law or regulation, to continue to furnish services to Debtor notwithstanding the filing of this Chapter 11 Case.

[3] The listing of any entity on **Exhibit A** attached hereto is not an admission that any listed entity is a utility within the meaning of Bankruptcy Code section 366. Debtor reserves the right to assert at any time that any entity listed on **Exhibit A** is not entitled to adequate assurance pursuant to section 366 of the Bankruptcy Code. Debtor further reserves the right to terminate the services of any Utility Provider at any time and to seek an immediate refund of any Utility Deposit without giving effect to any right of setoff or claim asserted by a Utility Provider against Debtor.

attached hereto.  Debtor estimates that its average monthly postpetition payments to the Utility Providers will aggregate approximately $7,500.

## III.

### RELIEF REQUESTED

9.      By this Motion, Debtor seeks an Order (1) prohibiting Utility Providers from altering, refusing or discontinuing service relationships or terms to Debtor except as set forth herein; (2) authorizing payment of ordinary course payments due to Utility Providers; (3) deeming Utility Providers adequately assured of future performance; and (4) establishing procedures for determining requests for additional adequate assurance.  Such relief is necessary because uninterrupted Utility Services are critical to Debtor's ability to sustain its operations.  Any interruption of Utility Services, even for a brief period, would severely disrupt Debtor's business operations, jeopardize the value of its assets and would be extremely harmful to its revenues and profits.

10.      Debtor believes it has and will have adequate cash to meet all of its necessary postpetition operating expenses on a current basis, including payments to the Utility Providers.  Debtor has specifically included in its budget amounts for payments to Utility Providers, including the payment of deposits consisting of sums equal to fifty percent (50%) of Debtor's estimated monthly costs for utility services for each of the Utility Providers (each sum, a "Utility Deposit"), based upon an average of Debtor's monthly costs for the six (6) months immediately preceding the Petition Date.  In addition to seeking use of Lender's cash collateral, Debtor is seeking to obtain DIP financing as an additional form of payment and adequate protection to Utility Providers.

11.      Debtor requests the Court authorize it to pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments").

12.      Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers would be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

13.      As to new accounts opened by Debtor as debtor in possession, Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.  If a Utility Provider or any other company providing Utility

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, Debtor requests that the Court consider any such request for relief, with notice to the utility provider, on an expedited basis.

14.    Debtor requests the Court authorize and direct banks and financial institutions to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of the attached Order.  Further, Debtor requests authorization to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

15.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

**Debtor's Proposed Adequate Assurance Procedures.**

16.    Debtor seeks to establish reasonable procedures (the "Procedures") by which a Utility Provider may request additional adequate assurance of future payment, in the event that such Utility Provider believes that its Utility Deposit does not provide it with satisfactory adequate assurance. Such Procedures, in particular, would provide that

 a.  If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

 b.  The Request must be actually received by Debtor and Debtor's counsel, Micaela Rustia Moore, Esq., Fox Rothschild LLP, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169, within forty-five (45)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

days of the date of the interim order granting this Motion (the "Request Deadline");

c.  Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

d.  If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2), (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

e.  Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

17.     If Debtor supplements the list on **Exhibit A** attached hereto subsequent to the filing of this Motion, Debtor will serve a copy of this Motion and the signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

18.     Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit A** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

19.     Finally, Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and/or prepetition deposit to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. Debtor believes that the immediate refund of a Utility Deposit or prepetition deposit by a Utility Provider whose services are terminated is fair and appropriate

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

## IV.

## LEGAL AUTHORITY

Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 506 (9th Cir. 2002).

Pursuant to Bankruptcy Code section 366, a utility may not alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the bankruptcy case or the debtor's failure to pay a prepetition debt unless the debtor fails to furnish adequate assurance of payment for postpetition services, in the form of a deposit or other security, within twenty (20) days after the commencement of the case:

(a)    Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b)    Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)    (1)(A) For purposes of this subsection, the term "assurance of payment" means—

    (i)  a cash deposit;

    (ii)  a letter of credit;

    (iii)  a certificate of deposit;

    (iv)  a surety bond;

    (v)  a prepayment of utility consumption; or

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

> (vi)   another form of security that is mutually agreed on between the utility and the debtor or the trustee.
>
> (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
>
> (3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
>
> (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—
>
> > (i)   the absence of security before the date of the filing of the petition;
> >
> > (ii)   the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
> >
> > (iii)   the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

Section 366(c)(2) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, specifically addresses utility services to a chapter 11 debtor. See 11 U.S.C. § 366(c)(2). Section 366(c)(2) of the Bankruptcy Code provides that a utility company may alter, refuse, or discontinue service, if within thirty (30) days after a chapter 11 filing, such utility has not received adequate "assurance of payment" that is satisfactory to the utility. See id. Specifically enumerated among the possible forms for providing "assurance of payment" is the option to provide a cash deposit, among other things. Id. at § 366(c)(1)(A). Although the alternative forms for assurance of payment is specified by the Bankruptcy Code, determining the amount of assurance that must be

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

provided is within the court's discretion. <u>See</u> 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."); 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)."); <u>Accord</u> <u>In re Pacific Gas & Elec. Co.</u>, 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of § 366(b)] contemplates that the decision of whether to order security lies within the discretion of the Bankruptcy Court."); <u>In re Steinbach</u>, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate protection. . . .").

While the form of adequate assurance of payment may be limited under subsection 366(c) to the types of security enumerated in subsection 366(c)(1)(A), the amount of the deposit or other form of security, however, remains fully within the reasonable discretion of the Court, subject only to three specific factors that may not be considered by the Court, as listed in subsection 366(c)(3)(B).  Under such subsection, when determining "whether an assurance of payment is adequate," the Bankruptcy Court may not consider: (1) whether the debtor had a prepetition deposit; (2) whether the debtor paid its utility bills on time prepetition; or (3) the administrative expense priority afforded utilities postpetition. 11 U.S.C. § 366(c)(3)(B).

Debtor proposes to make a cash deposit to each of the Utility Providers equal to one half of a month's average historical invoice amount, determined using an average of the monthly invoice amounts for the six (6) months immediately preceding the Petition Date.  Debtor submits that one-half month's billing, based on the historical average of the previous six months, is more than adequate under the totality of the facts and circumstances.[4]  Accordingly, bankruptcy courts have deemed cash deposits in amounts commensurate with Debtor's proposed adequate assurance deposit to be adequate assurance of payment.  <u>See</u>, <u>e.g.</u>, <u>In re 155 East Tropicana, LLC</u>, Case No. 11-55516-BAM, Dkt. No. 62 (Bankr. D. NV 2011) (approving, as adequate assurance of payment, deposit equal to 50% of Company's

---

[4] <u>See</u> <u>Adelphia Business Solutions</u>, 280 B.R. 63, 82-83, and 86 n. 127 (Bankr. S.D.N.Y. 2002) (adequate assurance of payment is a fact-driven analysis based on the totality of the facts and circumstances of the case).

estimated cost of their monthly utility consumption); <u>In re Pac-West Telecomm, Inc.</u>, Case No. 07-10562 (Bankr. D. Del. June 4, 2007) (approving, as adequate assurance of payment, one-time supplemental prepayment equal to one week's worth of utility charges); <u>In re The N.Y. Racing Ass'n, Inc.</u>, Case No. 06-12618 (Bankr. S.D.N.Y. Dec. 1, 2006) (approving, as adequate assurance of payment, cash deposit equal to two-week's worth of utility charges).

Here, Debtor satisfies the criteria considered by courts in finding that adequate assurance of payment has been shown, as the Utility Providers will not suffer an unreasonable risk of nonpayment with half a month's deposit. Moreover, Debtor proposes to protect the Utility Providers further by establishing the Procedures provided for herein, whereby any Utility Provider can request additional adequate assurance in the event that it believes there are facts and circumstances with respect to its providing postpetition services to Debtor that would merit greater protection.

Debtor cannot continue to operate without continued Utility Services. If any of the Utility Providers alter, refuse or discontinue service, even for a brief period, Debtor's business operations would be severely disrupted and Debtor would be unable to maintain its business.

In contrast, the Utility Providers will not be prejudiced by the continuation of their services and will be paid all postpetition utility charges. In addition, the rights of the Utility Providers will not be prejudiced should the relief requested in this Motion be granted because the Utility Companies are permitted to come before this Court and seek relief according to the Procedures proposed. Hence, Debtor requests an Order prohibiting the Utility Providers from altering, refusing, or discontinuing service to Debtor conditioned solely upon Debtor's providing each of the Utility Providers with a one-half month's deposit (or such other amount as determined in accordance with the Procedures). Once Debtor pays the Deposits, Debtor submits that it will have furnished the requisite adequate assurance of payment to the Utility Providers.

Debtor's proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of any Utility Provider and is in the best interests of Debtor, its estate and its creditors. This Court has approved similar procedures and deposits to those requested

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

herein following the enactment of BAPCPA.[5]

Because uninterrupted Utility Services are vital to the continued operation of Debtor's business, and, consequently, to the success of its Chapter 11 Case, the relief requested herein is necessary and in the best interests of Debtor, its estate and its creditors.  Such relief ensures that Debtor's business operations will not be disrupted.  In addition, the Utility Providers and Debtor will have an orderly and fair procedure for determining any additional requests for adequate assurance.

## V.

### NOTICE

Notice of this Motion has been given by e-mail, facsimile or overnight delivery to the following parties, or in lieu thereof, to their counsel: (1) the United States Trustee, (2) the parties included on Debtor's list of twenty (20) creditors holding the largest unsecured claims, and (3) those Utility Providers identified on **Exhibit A** attached hereto.  In light of the nature of the relief requested herein, Debtor submits that no other or further notice is required.

## VI.

### CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (a) prohibiting the Utility Providers from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices; (b) authorizing payment (i) of the Utility Deposits, and (ii) in the ordinary course of amounts due to the Utility Providers arising from current and postpetition invoices, including amounts for Utility Services provided to Debtor prepetition; and, (iii) upon Debtor making such payments, deeming the Utility Providers adequately assured of Debtor's future performance; (c)

///

///

---

[5] See In re 155 East Tropicana, LLC, Case No. 11-22216-BAM; In re Station Casinos, Inc., Case No. 09-52477-GWZ; In re R.M. Precision Swiss Inc. of Nevada, Case No. 07-14030-BAM; In re Americana, LLC, Case No. 07-17845-BAM; In re FX Luxury Las Vegas I, LLC, Case No. 10-17015-BAM.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

establishing the procedures set forth herein for determining any requests for additional adequate assurance; and (d) granting such other and further relief as this Court deems just and appropriate.

DATED this 22nd day of January 2014.

**MARTIFER SOLAR USA, INC.,** a California corporation

By_____

Klaus Bernhart, Chief Financial Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_____
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      MICAELA RUSTIA MOORE, ESQ.
      Nevada Bar No. 9676
      3800 Howard Hughes Parkway, Suite 500
      Las Vegas, Nevada 89169
      *[Proposed] Counsel for Martifer Solar USA, Inc.*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT B**

**\*PROPOSED FORM OF ORDER\***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-14-10357-abl |
| MARTIFER SOLAR USA, INC., a California corporation, | Chapter 11 |
| Debtor. | **ORDER (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITY PROVIDERS; (3) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE** |
| | Hearing Date: |
| | Hearing Time: |

The Court, having reviewed and considered Debtor's Motion (the "Motion"),[1] for an Order (1)

Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service; (2) Authorizing

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Motion.

*(left margin vertical text)* FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Ordinary Course Payments to Utilities Providers; (3) Deeming Utility Providers Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Order") and the Omnibus Declaration of Klaus Bernhart filed in support of Debtor's First Day Motions (the "Omnibus Declaration"); all pleadings and evidence submitted in connection with the Motion; and the oral arguments made at the hearing held on January__, 2014; with appearances as noted in the record; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334; it appearing that venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); notice of the Motion being good and sufficient and appropriate under the circumstances; and for good cause appearing,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1.     The Motion is GRANTED;

2.     The utility providers (the "Utility Providers"), as listed on **Exhibit A** attached hereto, are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3.     Debtor is authorized to (a) provide the Utility Providers, upon request, sums equal to fifty percent (50%) of Debtor's estimated monthly costs for utility services for each of the Utility Providers (each sum, a "Utility Deposit"), based upon an average of Debtor's monthly utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services (as defined in the Motion) provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments");

4.     Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

5.     If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

5.1.     If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

5.2.     The Request must be actually received by Debtor and Debtor's counsel, Micaela Rustia Moore, Esq., Fox Rothschild LLP, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169, within 45 days of the date of the interim order granting this Motion (the "Request Deadline");

5.3.     Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

5.4.     If Debtor believes that a Request is unreasonable, then Debtor shall, within 30 days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

5.5.     Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

6.     If Debtor supplements the list on **Exhibit A** attached hereto subsequent to the filing of this Motion, Debtor will serve a copy of this Motion and the signed order granting the Motion (the

"Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

7.      Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit A** adding the name of the Utility Provider so served.  The added Utility Provider shall have 30 days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

8.      Finally, the Order provides that Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice").  Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and/or prepetition deposit to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor.  The immediate refund of a Utility Deposit or prepetition deposit by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

9.      Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10.     If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the utility provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11.     Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

ACTIVE 24539240v1 01/22/2014                                        4

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

13.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16.    Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order.  Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     MICAELA RUSTIA MOORE, ESQ.
     Nevada Bar No. 9676
     3800 Howard Hughes Parkway, Suite 500
     Las Vegas, Nevada 89169
 *[Proposed] Counsel for Martifer Solar USA, Inc.*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____
     J. Michal Bloom
     Trial Attorney for Acting United States Trustee,
     Tracy Hope Davis

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

        J. MICHAL BLOOM, OFFICE OF
        THE UNITED STATES TRUSTEE

        Approved / Disapproved

        _____

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT A**
Utility Providers

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**Martifer Solar USA, Inc.**
**Utility Accounts**

| Account No. | Debtor | Vendor Names | Type of Utility |
|---|---|---|---|
| 4100050113 | Martifer Solar USA, Inc. | Avaya | Office Phone |
| 6000687956 | Martifer Solar USA, Inc. | Citrix Online | Office Phone |
| 169 703 4842 7 | Martifer Solar USA, Inc. | Gas Company | Gas |
| 4000000295560 | Martifer Solar USA, Inc. | XO Communications | Office Phone |
| 042 215 1000 | Martifer Solar USA, Inc. | LADWP | Power |
| 10095489 | Martifer Solar USA, Inc. | PowerNet Global | Office Phone |
| 772521237-00001 | Martifer Solar USA, Inc. | Verizon (Cells) | Cell Phone |
| 772521237-00002 | Martifer Solar USA, Inc. | Verizon (Air Cards) | Cell Phone |
| 01 1717 1128693497 07 | Martifer Solar USA, Inc. | Verizon (Fax) | Office Phone |
| 8448 20 034 0249522 | Martifer Solar USA, Inc. | Time Warner Cable | Cable TV |
| 2-35-542-0688 | Martifer Solar USA, Inc. | Southern CA Edison | Power |