Michael Gerard Fletcher (California State Bar No. 70849)
  (Verified Petition for *Pro Hac Vice* Admission Pending)
  mfletcher@frandzel.com
Reed S. Waddell (California State Bar No. 106644)
  (Admitted *Pro Hac Vice*)
  rwaddell@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Randolph L. Howard (State Bar No. 6688)
  rhoward@klnevada.com
Natalie M. Cox (State Bar No. 7662)
  ncox@klnevada.com
KOLESAR & LEATHAM, P.C.
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472

Attorneys for Secured Creditor CATHAY BANK

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MARTIFER SOLAR USA, INC., a California corporation,<br><br>Debtors. | Case No. BK-S-14-10357-abl<br><br>Chapter 11<br><br>**SECURED CREDITOR CATHAY BANK'S OMNIBUS OPPOSITION TO FIVE EX PARTE APPLICATIONS FOR ORDERS SHORTENING TIME FILED ON OR AFTER FRIDAY, JANUARY 24, 2014, SEEKING HEARINGS TOMORROW**<br><br>Hearing Date:    To Be Determined<br>Hearing Time:    To Be Determined |

Secured creditor Cathay Bank ("Bank") submits this Omnibus Opposition to Five Ex Parte Applications for Orders Shortening Time for Hearings filed by Martifer Aurora Solar, LLC ("Martifer Aurora"), and Martifer Solar USA, Inc. ("Martifer USA," and with Martifer Aurora, "Debtors") on or after Friday, January 24, 2014, seeking hearings tomorrow, Tuesday, January 28, 2014.

## INTRODUCTION AND RELIEF REQUESTED

On January 23, 2014, at 11:53 p.m., each Debtor filed a motion to use the Bank's cash collateral ("Cash Collateral Motion"). [Martifer Aurora ECF No. 25; Martifer USA ECF No. 24.] On January 24 at 6:51 p.m., each Debtor filed a motion to obtain post-petition financing ("Post-Petition Financing Motion") from their corporate parent, contingent upon the Bank being enjoined from pursuing pending state court litigation against the corporate parent and its affiliates. [Martifer Aurora ECF No. 37; Martifer USA ECF No. 37.] Finally, on January 25, the Debtors filed a Verified Complaint for Preliminary Injunction and a motion for temporary restraining order ("TRO Motion"), seeking to enjoin the Bank with regard to the pending state court litigation. [Adv. No. 14-01014 ("Adv.") ECF Nos. 1 and 3.]

On Friday and Saturday, January 24 and 25, 2014, the Debtors filed applications for orders setting hearings ("Applications for OST") on the Cash Collateral Motions, the Post-Petition Financing Motions, and the TRO Motion on January 28, 2014. [Martifer Aurora ECF Nos. 36 and 44; Martifer USA ECF Nos. 36 and 43; Adv. ECF No. 6.]

The Bank respectfully requests that the Court decline to set preliminary hearings on these motions as early as the morning of January 28, 2014. The Bank will not have had an adequate opportunity to analyze and respond to these important and interconnected motions by this time. And, the Debtors have not shown that any immediate and irreparable harm will result if a preliminary hearing on these motions is held on a more reasonable timeframe.

## FACTUAL BACKGROUND

**A.    Pre-Petition, the Debtors Repeatedly Promise, But Fail, to Provide the Bank Information Regarding the Proposed Cash Collateral Stipulation and Budget**

On December 17, 2013, counsel to the Debtors sent the Bank's counsel an e-mail advising that Martifer USA was contemplating filing a bankruptcy petition such that "negotiating a consensual stipulation governing the use of cash collateral now appears wise." The next day, in response to the Bank's initial request for details regarding a proposed cash collateral stipulation, the Debtors' counsel sent the Bank's counsel an e-mail stating that "I am waiting on my client to get you the answers to all

of your questions…and will provide you answers as soon as I am able." [Declaration of Michael Gerard Fletcher filed herewith ("Fletcher Decl." ¶ 2, Ex. 1.]

The Debtors' counsel provided no further response to the Bank's request for details regarding a proposed cash collateral stipulation. Instead, on December 24, 2013, the Debtors' financial advisor sent the Bank and its counsel an e-mail indicating that the Debtors were in the process of preparing (1) a 14-day post-petition cash flow budget, (2) a 13-week post-petition cash flow budget, and (3) 5-year financial projections, all in preparation for their anticipated bankruptcy filings and cash collateral stipulation with the Bank. On December 31, 2013, the Debtor's financial advisor sent the Bank and its counsel another e-mail stating that the Debtors were prioritizing the preparation of a proposed cash collateral stipulation and budget and would send these documents to the Bank "asap." [*Id.* ¶ 3, Ex. 2.]

**B.   The Debtors Request Hearings on the Cash Collateral Motion, Post-Petition Financing Motion, and TRO Motion on Unreasonably Short Notice**

On December 31, 2013, the Bank commenced Case No. SC121853 ("State Court Action") by filing a Verified Complaint against the Debtors, Martifer Solar, Inc. ("Martifer Solar"), and Martifer Solar, S.A., with the Superior Court of California for the County of Los Angeles. [*Id.* ¶ 4, Ex. 3.] The Debtors filed Chapter 11 petitions on January 21, 2014 ("Petition Date"), the day before a hearing in the State Court Action on the Bank's ex parte application for appointment of a receiver over the Debtors. [Martifer Aurora ECF No. 1; Martifer USA ECF No. 1.]

On January 22, 2014, the Debtors presented a draft cash collateral stipulation and budget to the Bank for the first time. The stipulation and budget contemplated a debtor-in-possession ("DIP") financing facility. Over the next two days, the Bank posed initial questions regarding the proposed cash collateral stipulation and DIP financing facility to the Debtors, and indicated that the Bank was evaluating its options in response to the Debtors' proposal. [Fletcher Decl. ¶ 5, Ex. 4.]

The Debtors filed the Cash Collateral Motions on January 23, 2014, at 11:53 p.m. The Cash Collateral Motions, among other things, seeks orders providing for a $2,000,000 "carve-out" from the Bank's secured claim to pay the professional fees and expenses of the Debtors and any creditors' committee appointed in the Debtors' bankruptcy cases. The 13-week budget attached to the Cash

1379125.1 | 023000-0918

3

CATHAY BANK'S OPPOSITION TO EX PARTE APPLICATIONS FOR ORDERS SHORTENING TIME FOR HEARING

Collateral Motions projects that the Debtors (before making any interest payments to the Bank or paying any administrative expenses) will operate at a $1,460,164 net operating loss through April 14, 2014. After paying interest to the Bank and administrative expenses, the budget projects that the Debtors will operate at a $2,379,969 loss through April 14, 2014. [Martifer Aurora ECF No. 25; Martifer USA ECF No. 24.]

In support of the Cash Collateral Motion, the Debtors' Chief Financial Officer Klaus Bernhart testified that

> Debtors are seeking authorization to use cash collateral pending a final hearing on the Motion in order to avoid immediate and irreparable harm to the estate. In order to keep Debtors' business operational, Debtors must be able to pay their subcontractors, satisfy other ongoing working capital needs and expenses of operation, including, without limitation, employee payroll expenses, and fund the costs of administering Debtors' estates.[.]

[Martifer Aurora ECF No. 25 ¶ 14; Martifer USA ECF No. 26 ¶ 14.]

The Applications for OST on the Cash Collateral Motions seeks a hearing on or before January 28, 2014. [Martifer Aurora and Martifer USA ECF Nos. 36.] The Attorney Information Sheets filed in connection with the Applications for OST misleadingly state that the Debtors contacted the Bank's counsel to discuss the Applications for OST and received "No Response." [Martifer Aurora and Martifer USA ECF No. 32; Fletcher Decl. ¶ 6, Ex. 5.]

On January 24, 2014, the Court entered its Order Shortening Time and Notice of Hearing on Debtor's Emergency First Day Motions. This Order sets a January 28, 2014, hearing on the Debtors' (1) motion for joint administration; (2) motion for extension of time to file schedules and statements; (3) designation of responsible persons; and (4) utilities motion pursuant to 11 U.S.C. § 366, with any opposition to any of these matters due by January 27, 2014, at 5:00 p.m. [Martifer Aurora ECF No. 23; Martifer USA ECF No. 27.]

The Debtors filed the Post-Petition Financing Motions on Friday, January 24, at 6:51 p.m. The Post-Petition Financing Motions seek an order authorizing the Debtors to borrow up to $5,000,000 from Martifer Solar, an affiliate of the Debtors. Under the terms of the proposed financing, the Debtors' obligations to Martifer Solar will be secured by liens on all the Debtors' assets (including

1 avoidance actions under Chapter 5 of the Bankruptcy Code) subject only to the Bank's liens.  Further,

2 Martifer Solar's obligation to extend financing is contingent upon an order enjoining the Bank from

3 pursuing claims against Martifer Solar, Martifer Solar, S.A., and their affiliates in the State Court

4 Action or otherwise.  [Martifer Aurora and Martifer USA ECF Nos. 37.]

5      In support of the Post-Petition Financing Motions, the Debtors' financial consultant James

6 Wong testified that

> Debtors are seeking authorization to use PostPetition Financing pending a final hearing on the Motion in order to avoid irreparable and immediate harm to the estates.  In order to keep Debtors' business operational, Debtors must be able to pay their subcontractors for work performed, satisfy other ongoing working capital needs and expenses of operation, including, without limitation, employee payroll expenses, and fund the costs of administering the Debtors' estates[.]

11 [Martifer Aurora and Martifer USA ECF Nos. 38 ¶ 11.]

12      The Applications for OST on the Post-Petition Financing Motions seeks a hearing on or before

13 January 28, 2014.  [Martifer Aurora ECF No. 44; Martifer USA ECF No. 43.]  At 7:19 p.m. on

14 January 24, 2014, the Debtors' counsel sent the Bank's counsel an e-mail regarding the Applications

15 for OST on the Post-Petition Financing Motion.  [Fletcher Decl. ¶ 7, Ex. 6.]  The Attorney

16 Information Sheets filed (at 11:19 p.m. at January 24, 2014) in connection with the Applications for

17 OST misleadingly states the Debtors contacted the Bank's counsel to discuss the Applications for OST

18 and received "No Response."  [Martifer Aurora ECF No. 45; Martifer USA ECF No. 44; Fletcher

19 Decl. ¶ 7.]

20      On Saturday, January 25, 2014, the Debtors commenced Adversary Proceeding No. 14-01014

21 by filing a Verified Complaint for Preliminary Injunction against the Bank.  By the Complaint, the

22 Debtors seek to enjoin the Bank from taking any further action in the State Court Action for at least

23 120 days.  [Adv. ECF No. 1.]  Also on January 25, the Debtors filed the TRO Motion to enjoin the

24 Bank as set forth above.  [Adv. ECF No. 6.]

25 / / /

26 / / /

27 / / /

28

# ARGUMENT

**A.    Applicable Law**

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 4001(b)(2) permits the Court to conduct a preliminary hearing on the Cash Collateral Motion earlier than 14 days after the Petition Date, but permits the Court to "authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing."  Similarly, Bankruptcy Rule 4001(c)(2) permits the Court to conduct a preliminary hearing on the Post-Petition Financing Motion earlier than 14 days after the Petition Date, but permits the Court to "authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

**B.    The Court Should Decline to Set Preliminary Hearings on the Cash Collateral Motion, the Post-Petition Financing Motion, and the TRO Motion as Early as January 28, 2014**

The Court should decline to set preliminary hearings on the Cash Collateral Motion, the Post-Petition Financing Motion, and the TRO Motion as early as the morning of January 28, 2014.  The Bank will not have had an adequate opportunity to analyze and respond to these important and interconnected motions by this time.  And, nothing in the testimony of Mr. Bernhart or Mr. Wong (or any other evidence in the record) shows that any immediate and irreparable harm will result if a preliminary hearing on these motions is held on a more reasonable timeframe.

The Debtors indicate that they need use of cash collateral and/or post-petition financing to meet payroll expense.  However, the Debtors have not used the Bank's collateral for payroll purposes since last summer.  All such amounts have instead been funded by loans from the parent Martifer Solar.  Nothing prevents Martifer Solar from advancing funds to the Debtors for payroll on an unsecured basis post-petition in the ordinary course of business.  *See* 11 U.S.C. § 364(a).

Furthermore, the Debtors have not yet filed a motion to pay pre-petition wages, raising a serious question as to how they intend to pay wages earned prior to the Petition Date, which are presumably due to be paid on or about January 31, 2014.

Holding even preliminary hearings on these crucial motions on such unreasonably short notice

would deprive the Bank of due process.  These motions affect the substantive rights of the Bank and other parties in interest.  As such, these motions are completely different from the other motions set for hearing on shortened notice on January 28, 2014.  These motions—and the Motion for Order Establishing Certain Case Management, Notice and Administrative Procedures [ECF No. 39], which the Bank does not oppose being heard on January 28, 2014—are largely procedural in nature.

## CONCLUSION

For the foregoing reasons, the Bank respectfully requests that the Court decline to hold preliminary hearings on the Cash Collateral Motion, the Post-Petition Financing Motion, and the TRO Motion as early as the morning of January 28, 2014, and instead set preliminary hearings on these motions on a more reasonable timeframe.

DATED: January 27, 2014　　　　　　　FRANDZEL ROBINS BLOOM & CSATO, L.C.
　　　　　　　　　　　　　　　　　　MICHAEL GERARD FLETCHER
　　　　　　　　　　　　　　　　　　REED S. WADDELL

　　　　　　　　　　　　　　　　　By:　/s/ Michael Gerard Fletcher
　　　　　　　　　　　　　　　　　　　MICHAEL GERARD FLETCHER
　　　　　　　　　　　　　　　　　　　Attorneys for Secured Creditor CATHAY BANK