Michael Gerard Fletcher (California State Bar No. 70849)
  (Verified Petition for *Pro Hac Vice* Admission Pending)
  mfletcher@frandzel.com
Reed S. Waddell (California State Bar No. 106644)
  (Admitted *Pro Hac Vice*)
  rwaddell@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Randolph L. Howard (State Bar No. 6688)
  rhoward@klnevada.com
Natalie M. Cox (State Bar No. 7662)
  ncox@klnevada.com
KOLESAR & LEATHAM, P.C.
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472

Attorneys for Secured Creditor CATHAY BANK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-S-14-10357-abl |
|---|---|
| MARTIFER SOLAR USA, INC., a California corporation, | Chapter 11 |
| Debtors. | **DECLARATION OF MICHAEL GERARD FLETCHER IN SUPPORT OF SECURED CREDITOR CATHAY BANK'S OMNIBUS OPPOSITION TO FIVE EX PARTE APPLICATIONS FOR ORDERS SHORTENING TIME FILED ON OR AFTER FRIDAY, JANUARY 24, 2014, SEEKING HEARINGS TOMORROW** |
| | Hearing Date:    To Be Determined<br>Hearing Time:    To Be Determined |

I, Michael Gerard Fletcher, declare:

1.       I am a member of Frandzel Robins Bloom & Csato, L.C., counsel of record herein for secured creditor Cathay Bank ("Bank").  I am an attorney at law duly licensed to practice before all courts of the State of California.  On January 23, 2014, I filed a Verified Petition for *Pro Hac Vice*

FLETCHER DECLARATION ISO CATHAY BANK'S OPPOSITION TO EX PARTE APPLICATIONS FOR
ORDERS SHORTENING TIME FOR HEARING

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

1  Admission, which is pending before the Court.  I make this declaration in support of the Bank's

2  Omnibus Opposition ("Opposition") to the Five Applications for Orders Shortening Time for Hearings

3  filed on or after Friday, January 24, 2014, seeking hearings tomorrow, Tuesday, January 28, 2014.[1]

4       2.     On December 17, 2013, counsel to Martifer Solar USA, Inc. ("Martifer USA") and

5  Martifer Aurora Solar, LLC ("Martifer Aurora," and together with Martifer USA, "Debtors") sent the

6  me an e-mail advising that Martifer USA was contemplating filing a bankruptcy petition such that

7  "negotiating a consensual stipulation governing the use of cash collateral now appears wise."  The

8  next day, in response to my initial request for details regarding a proposed cash collateral stipulation,

9  the Debtors' counsel sent me an e-mail stating that "I am waiting on my client to get you the answers

10  to all of your questions…and will provide you answers as soon as I am able."  A true and correct copy

11  of this e-mail exchange is attached hereto as Exhibit 1.

12       3.     The Debtors' counsel provided no further response to my request for details regarding a

13  proposed cash collateral stipulation.  Instead, on December 24, 2013, the Debtors' financial advisor

14  sent the Bank and me an e-mail indicating that the Debtors were in the process of preparing (1) a 14-

15  day post-petition cash flow budget, (2) a 13-week post-petition cash flow budget, and (3) 5-year

16  financial projections, all in preparation for their anticipated bankruptcy filings and cash collateral

17  stipulation with the Bank.  On December 31, 2013, the Debtor's financial advisor sent the Bank and

18  me another e-mail stating that the Debtors were prioritizing the preparation of a proposed cash

19  collateral stipulation and budget and would send these documents to the Bank "asap."  A true and

20  correct copy of this e-mail exchange is attached hereto as Exhibit 2.

21       4.     On December 31, 2013, the Bank commenced Case No. SC121853 by filing a Verified

22  Complaint against the Debtors, Martifer Solar, Inc., and Martifer Solar, S.A., with the Superior Court

23  of California for the County of Los Angeles.  A true and correct conformed copy of the Complaint is

24  attached hereto as Exhibit 3.

25       5.     On January 22, 2014, the Debtors presented a draft cash collateral stipulation and

26  budget to the Bank for the first time.  The stipulation and budget contemplated a debtor-in-possession

---

[1] All capitalized terms not defined herein have the meanings the Opposition ascribes to them.

1379141.1 | 023000-0918

2

FLETCHER DECLARATION ISO CATHAY BANK'S OPPOSITION TO EX PARTE APPLICATIONS FOR
ORDERS SHORTENING TIME FOR HEARING

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

("DIP") financing facility.  Over the next two days, I posed initial questions regarding the proposed cash collateral stipulation and DIP financing facility to the Debtors' counsel, and indicated that the Bank was evaluating its options in response to the Debtors' proposal.  A true and correct copy of this e-mail exchange is attached hereto as Exhibit 4.

6.    The Attorney Information Sheet filed in connection with the Application for OST on the Cash Collateral Motion states that the Debtors contacted the Bank's counsel to discuss the Application for OST and received "No Response."  This representation was misleading.  The Debtors' counsel is and at all relevant times has been aware that I and my colleague Reed Waddell are the primary lawyers representing the Bank in this matter.  Yet, the Debtors made no attempt to contact me or Mr. Waddell to discuss the Application for OST.  A true and correct copy of Mr. Waddell's e-mail to the Debtors' counsel elaborating upon the misleading nature of this representation to the Court is attached hereto as Exhibit 5.

7.    At 7:19 p.m. on Friday, January 24, 2014, the Debtors' counsel sent me and Mr. Waddell an e-mail regarding the Application for OST on the Post-Petition Financing Motion.  A true and correct copy of this e-mail is attached hereto as Exhibit 6.  The Attorney Information Sheet filed (at 11:19 p.m. at January 24, 2014) in connection with the Application for OST states the Debtors contacted the Bank's counsel to discuss the Application for OST and received "No Response."  The implication that the Debtors (by sending an e-mail after normal business hours on a Friday evening) provided Mr. Waddell and me an adequate opportunity to respond to the Application for OST filed later that night, and that Mr. Waddell and I failed to provide a timely response, is misleading at best.

8.    I responded to the OST request on Sunday, January 26, 2014, declining the request as unrealistic and inequitable.  A true and correct copy of my e-mail to the Debtors' counsel is attached hereto as Exhibit 7.

/ / /

/ / /

/ / /

/ / /

/ / /

FLETCHER DECLARATION ISO CATHAY BANK'S OPPOSITION TO EX PARTE APPLICATIONS FOR
ORDERS SHORTENING TIME FOR HEARING

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 27, 2014, at Los Angeles, California.

/s/ Michael Gerard Fletcher
Michael Gerard Fletcher

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

1379141.1 | 023000-0918

4

FLETCHER DECLARATION ISO CATHAY BANK'S OPPOSITION TO EX PARTE APPLICATIONS FOR ORDERS SHORTENING TIME FOR HEARING

# EXHIBIT 1

**From:** Axelrod, Brett A. [BAxelrod@foxrothschild.com]
**Sent:** Wednesday, December 18, 2013 3:06 PM
**To:** Michael Fletcher
**Cc:** John Samberg
**Subject:** RE: Martifer and Bankruptcy Cash Collateral Discussions

Michael,

I am waiting on my client to get you the answers to all of your questions below and will provide you answers as soon as I am able.

Regards,

**Brett Axelrod**
Partner
**Fox Rothschild LLP**
(702) 699-5901 - direct
BAxelrod@foxrothschild.com

---

**From:** Michael Fletcher [mailto:mfletcher@frandzel.com]
**Sent:** Wednesday, December 18, 2013 10:05 AM
**To:** Axelrod, Brett A.
**Cc:** John Samberg
**Subject:** RE: Martifer and Bankruptcy Cash Collateral Discussions

Brett:  What is the status of the CBS/AEF/Frye discussions and draft? As to any bankruptcy cash collateral stipulation, what specifically did you have in mind? Are you proposing to use the latest cash flow projection that has been the current focus of our discussions? What does the 14-day emergency needs list look like? Where is the money coming from to deal with expenditures?

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:        323-852-1000
Facsimile:    323-651-2577
E-mail:        mfletcher@frandzel.com
Web:          www.frandzel.com
🖨 GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone.   If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000.  Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** Axelrod, Brett A. [mailto:BAxelrod@foxrothschild.com]
**Sent:** Tuesday, December 17, 2013 7:23 PM
**To:** Michael Fletcher
**Subject:** Martifer

Michael,

On Monday, December 16, 2013, Martifer received a call from an attorney claiming to represent Hydrograss, a subcontractor that performed work on the Bith/WGES projects out in Massachusetts. The attorney, Margaret Melican, stated that her client was owed $75,000. The attorney further claimed that there were two additional creditors, whom were separately represented, that are also indisputably owed more the $15,000. Ms. Melican claimed that, absent immediate payment in full, she would cause an involuntary petition to be commenced against Martifer. Ms. Melican would not disclose who the other two potential petitioning creditors are. Martifer placed a call to Ms. Melican today; Ms. Melican again insisted on payment. Martifer has no immediate plans to pay the alleged claim of Ms. Melican's client.

Should the threatened involuntary petition be filed, Martifer may well counter with a voluntary petition. Accordingly, negotiating a consensual stipulation governing the use of cash collateral now appears wise. Martifer regards the bank to be adequately protected by a substantial equity cushion.

**Brett Axelrod**
Partner
**Fox Rothschild LLP**
3800 Howard Hughes Pkwy
Suite 500
Las Vegas, NV 89169
(702) 699-5901 - direct
702-597-5503- fax
BAxelrod@foxrothschild.com
www.foxrothschild.com

ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. ---------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market

Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. ------------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | James Wong [jwong@armoryconsulting.com] |
| **Sent:** | Tuesday, December 31, 2013 7:21 AM |
| **To:** | Eileen Lewis |
| **Cc:** | Gregory Badura; Michael Fletcher |
| **Subject:** | Re: Martifer- missing items |

Eileen,

As discussed yesterday, below are responses to your email in bracketed, bold green text below.  I will monitor all items and keep you apprised of updates.  Of priority for Martifer is the development of a post-petition cash collateral budget, which we are working on and are in process of reviewing, and will disseminate to Cathay upon internal approval.  (Timing is uncertain as of now, but asap.)

Regards,

James Wong
Principal
Armory Consulting Co.
3943 Irvine Blvd., #253
Irvine, CA 92602
(714) 222-5552 cell phone
(714) 508-1841 fax
jwong@armoryconsulting.com
www.armoryconsulting.com

---

**From:** Eileen Lewis <Eileen.Lewis@cathaybank.com>
**To:** 'James Wong' <jwong@armoryconsulting.com>
**Cc:** Gregory Badura <Gregory.Badura@cathaybank.com>; Michael Fletcher <mfletcher@frandzel.com>
**Sent:** Monday, December 30, 2013 10:16 AM
**Subject:** Martifer- missing items

James-
Now that we have returned to the office, I am following up on missing items.

o   Please forward the cash flow reconciliation for the week of Dec. 16 which was due last week, 12/24/13.  The cash flow reconciliation for the week of Dec.23 is expected tomorrow. **[Martifer's staff responsible for the reconciliations are both out on holiday last week and this week.  Additionally, Martifer is prioritizing the preparation of documents and projections for a cash collateral stipulation.]**

o   Please provide a specific update as to the status of the CBS/AEF transaction **[Martifer anticipates signing off the AEF deal by late next week.  I will keep you informed.]**

o   In addition, please provide a specific update as to the status of the receivables which were discussed in the prior reconciliation, and/or expected by year end:

[See email pasted below from Andri (who is on holiday) regarding Chatsmouth. I'm informed the other three A/Rs are still in process of collections.]

- o Chatsmouth receivable paid via credit card
- o EEL-CS Solar 1 receivables and roof inspection issues
- o O&M Hertz
- o Piedmont-Bridgewater

Hi James,

Intuit, our merchant service provider, can always accept credit card and approve the transaction at the point of sale. See attached receipt back in 11/22/13. However, they will keep the money and not fund it to Martifer's account until they feel comfortable in terms of their risk.

Here are some example of their risk:

- • Merchant service considers Martifer as a risk/liability. If the cardholder demands a refund because he/she finds that the transaction is invalid or is not happy with the purchase, they can always demand a refund. When they do that, Merchant service will be liable to refund the money to the cardholder and have to go after Martifer after the fact. Therefore they always want to make sure that the sale is valid. The verification process as you can see from the attached receipts is taking more than a month.

Eileen Lewis, Vice President
Cathay Bank
Special Assets Department
9650 Flair Drive
Mail Sort: 23-4-A
El Monte, CA 91731
Fax: 626-579-1018
Direct: 626-279-3740

As a reminder, all statements made by any bank officer, whether in writing or orally, are for discussion purposes only and meant to facilitate negotiations; bank officer statements are not to be relied upon unless and until they are first reduced to a formal written agreement executed by way of handwritten signature by an officer of the bank. In order to be binding against the bank, any such agreement must first be approved by the bank's senior management and/or loan committee. You should not rely upon any statements or predictions as to the probability of the approval of any such agreement. Further, we have made no representations, warranties or other statements in this message regarding same.

The foregoing is neither an offer nor acceptance concerning any existing agreement. No offer or acceptance is valid as against the Bank unless signed in ink by an authorized officer of the Bank. The Bank has no obligation at any time whatsoever to discuss, negotiate or agree to any financial accommodations, including without limitation, any modification, amendment, restructuring, reinstatement of any existing financing arrangements or to forbear or refrain from exercising or enforcing the Bank's rights and remedies at any time.

No email from the Bank shall be deemed to constitute an offer or acceptance concerning any agreement. The Bank intends that there shall be no claims of estoppel and that no person shall change position in reliance upon this correspondence. Nothing in this correspondence is to be construed as a waiver, limitation, or release of any and all rights and remedies of the Bank. All rights and remedies are reserved.

---

**From:** James Wong [mailto:jwong@armoryconsulting.com]
**Sent:** Tuesday, December 24, 2013 9:19 PM
**To:** Eileen Lewis
**Cc:** Gregory Badura; Michael Fletcher; Avi Muhtar; Brett Axelrod
**Subject:** Martifer- pending deliverables

Eileen,

I realize you are out of the office through December 30. Below are the updates as to what Martifer is in process of developing in preparation for a Chapter 11 filing and a cash collateral stipulation ("Stipulation"):

1. 14-Day post-petition cash flow budget, pending Court approval of the Stipulation;
2. 13 Week post-petition cash flow budget; and
3. 5-Year projections, including an discounted cash flow analysis and terminal valuation.

Martifer is working through the holidays in preparing these documents, and I will update you as to timing of these deliverables to you upon your return on December 30.

Regards,

James Wong
Principal
Armory Consulting Co.
3943 Irvine Blvd., #253
Irvine, CA 92602
(714) 222-5552 cell phone
(714) 508-1841 fax
jwong@armoryconsulting.com
www.armoryconsulting.com

---

*Disclaimer: This electronic transmission and any attachments contain confidential information belonging to the sender. This information may be legally protected. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient or receive this message in error, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on or regarding the contents of this information is strictly prohibited. Please notify the sender immediately if you have received this information in error.*

*www.cathaybank.com*

# EXHIBIT 3

PLEASE CONFORM

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 31 2013

Sherri R. Carter, Executive Officer/Clerk

By Jacqueline Morgan, Deputy

1  Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
2  Marshall J. August (State Bar No. 105361)
    maugust@frandzel.com
3  Bob Benjy (State Bar No. 211569)
    bbenjy@frandzel.com
4  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
5  Seventeenth Floor
   Los Angeles, California  90048-4920
6  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
7
   Attorneys for Plaintiff CATHAY BANK
8

*Richard A. Stone*

9           SUPERIOR COURT OF CALIFORNIA

10      COUNTY OF LOS ANGELES, WEST DISTRICT

11  CATHAY BANK, a California banking       CASE No.  **SC121853**
    corporation,
12                                          **VERIFIED COMPLAINT FOR:**
                  Plaintiff,
13                                          **1. BREACH OF CONTRACT**
    v.
14                                          **2. BREACH OF GUARANTY**
    MARTIFER SOLAR USA, INC., a California
15  corporation; MARTIFER AURORA SOLAR,     **3. BREACH OF GUARANTY**
    LLC, a Nevada limited liability company;
16  MARTIFER SOLAR, INC., a Delaware        **4. RECOVERY OF PERSONAL**
    corporation; MARTIFER SOLAR, S.A., a       **PROPERTY [CLAIM AND**
17  Portuguese corporation; DOES 1 through 50,  **DELIVERY]**
    Inclusive,
18                                          **5. CONVERSION**
                  Defendants.
19                                          **6. RECOVERY OF PERSONAL**
                                               **PROPERTY [CLAIM AND**
20                                             **DELIVERY]**

21                                          **7. CONVERSION**

22                                          **8. SPECIFIC PERFORMANCE**
                                               **(APPOINTMENT OF RECEIVER AND**
23                                             **INJUNCTIVE RELIEF)**

24

25                                          CASE MANAGEMENT CONFERENCE

26                                          APR 16 2014 — Dept. M 8:30AM
                                            _____
27                                                    Date

28

1266893.4 L 023000.0918                     1

Plaintiff complains and alleges against the defendants as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff CATHAY BANK (the "Bank") is a banking corporation organized under the laws of the State of California, and is qualified to conduct business in the State of California. The Bank is exempt from the usury provisions of Article XV, Section 1, of the California Constitution.

2.      The Bank is informed and believes and thereon alleges that defendant MARTIFER SOLAR USA, INC. ("Borrower-1") is a California corporation authorized to transact business in the State of California with its principal place of business in the County of Los Angeles.

3.      The Bank is informed and believes and thereon alleges that defendant MARTIFER AURORA SOLAR, LLC ("Borrower-2," and collectively with Borrower-1, "Borrowers") is a Nevada limited liability company with its principal place of business in the County of Los Angeles.  Bank is informed and believes and thereon alleges that Borrower-2 is not registered with the California secretary of State and is not authorized to transact business in California.

4.      The Bank is informed and believes and thereon alleges that defendant MARTIFER SOLAR, INC. ("Guarantor-1") is a Delaware corporation authorized to transact business in the State of California with its principal place of business in the County of Los Angeles.

5.      The Bank is informed and believes and thereon alleges that defendant MARTIFER SOLAR, S.A. ("Guarantor-2," and collectively with Guarantor-1, the "Guarantors") is a Portuguese corporation with its principal place of business in Portugal.  Bank is informed and believes and thereon alleges that Guarantor-2 is not registered with the California secretary of State and is not authorized to transact business in California.

6.      This Court is the proper court for the trial of this action because the agreements that are the subject of this dispute were all entered into in Los Angeles County, California.

7.      The Bank does not know the true names and capacities of defendants Does 1 through 50, inclusive, and sues these defendants by such fictitious names.  The Bank is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible for and caused the damages herein alleged, either contractually or tortiously, and/or

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1   that such fictitiously named defendants claim some right, title or interest to the real property that is

2   the subject of the judicial foreclosure causes of action and/or the rents, issues and profits from

3   such real property, which interest is subject to, junior and/or subsequent to the deeds of trust

4   described herein.  When the Bank ascertains the true names and capacities of Does 1 through 50, it

5   will amend this Complaint accordingly.

6         8.    This action is not subject to the provisions of California Civil Code section 1801 et

7   seq. or California Civil Code section 2981 et seq.

8                           **FIRST CAUSE OF ACTION**

9   **(Breach of Contract against Martifer Solar USA, Inc., Martifer Aurora Solar, LLC, and**

10                     **DOES 1 through 50, Inclusive)**

11         9.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1

12   through 8, above, as if specified here.

13        10.    On or about November 15, 2012, the Bank agreed to make a loan to Borrowers in

14   the principal sum of $12,000,000 (the "Loan").  In connection with the Bank's agreement to make

15   the Loan, Borrowers executed and delivered to the Bank a Business Loan Agreement (Asset

16   Based) dated November 15, 2012 (the "BLA").  A true and correct copy of the BLA is attached

17   hereto as Exhibit "1" and incorporated herein by this reference.

18        11.    In connection with the making of the BLA, Borrowers also executed and delivered

19   to the Bank a Promissory Note dated as of November 15, 2012 (the "Note," and collectively with

20   the BLA and the CSAs (defined in paragraph 48, below), the "Loan Documents"), in the original

21   principal sum of $12,000,000.  A true and correct copy of the Note is attached hereto as Exhibit

22   "2" and incorporated herein by reference.

23        12.    The Note provides, among other things, that Borrowers will pay all outstanding

24   principal plus all accrued unpaid interest due under the Loan on November 30, 2013.  In addition,

25   the Note provides that Borrowers shall pay regular monthly payments of all accrued unpaid

26   interest due as of each payment date, beginning December 31, 2012, with all subsequent interest

27   payments to be due on the same day of each month after that.

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

13.     The Note further provides that interest shall accrue on the principal balance thereof at a variable rate equal to one percent (1.750%) above the Prime Rate as published in the Wall Street Journal (the "Regular Rate").

14.     The Note also provides that upon an Event of Default (as defined therein), interest shall, if permitted by applicable law, immediately increase by adding an additional 5.000 percentage point margin over the Regular Rate (the "Default Rate").

15.     The Note further provides that if Borrowers make a payment which is eleven (11) days or more late as required under the terms of the Note, Borrowers will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

16.     Borrowers defaulted under the terms of the BLA and Note by, among other things, failing to pay to the Bank all principal, interest, fees and costs owed on the Note by the November 30, 2013 maturity date thereof.  As a result, the Bank has elected to accelerate all amounts due under the Note and apply the Default Rate.

17.     After application of all payments, the following sums are due and payable from Borrowers under the terms of the Note as of December 31, 2013: (a) principal in the amount of not less than $6,302,000.00; (b) unpaid interest in a sum according to proof; (c) late charges in a sum according to proof; and (d) costs and reasonable attorneys' fees according to proof.

18.     The BLA and Note provide that Borrowers are required to pay all expenses and costs incurred by the Bank in enforcing the terms of those documents including, but not limited to, reasonable attorneys' fees and costs.

19.     The Bank has duly performed all of the conditions precedent on its part required to be performed in connection with the BLA and Note except for those covenants and conditions which are excused from performance.

## SECOND CAUSE OF ACTION

**(Breach of Guaranty – Against Martifer Solar, Inc. and Does 1 through 50, Inclusive)**

20.     The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 19, above, as if specified here.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

21.    In connection with the making of the Loan, on or about November 15, 2012, Guarantor-1 executed and delivered to the Bank a Commercial Guaranty (the "First Guaranty") whereby Guarantor-1 agreed to pay to the Bank the amount of all credit advanced to the Borrowers, plus interest, attorneys' fees and costs. A true and correct copy of the First Guaranty is attached hereto as Exhibit "3" and incorporated herein by this reference.

22.    In reliance in part on the on the First Guaranty, the Bank agreed to extend credit and continue to extend credit to the Borrowers under the terms of the Loan Documents.

23.    As specified in paragraph 16, above, the Borrowers defaulted under the terms of the Loan Documents by, among other things, failing to pay to the Bank all principal, interest, fees and costs owed on the Note by the November 30, 2013 maturity date thereof.

24.    Despite demand, Guarantor-1 has paid no sums pursuant to the terms of the First Guaranty.

25.    As a result of the defaults by the Borrowers and the failure of Guarantor-1 to make any payments pursuant to the terms of the First Guaranty, and after application of all payments, the following sums are due and payable from Guarantor-1 under the terms of the Loan Documents: (a) principal in the amount of not less than $6,302,000.00; (b) unpaid interest in an amount according to proof; (c) late charges in an amount according to proof; and (d) costs and reasonable attorneys' fees in an amount according to proof.

26.    Pursuant to the terms of the First Guaranty, Guarantor-1 agreed to pay costs and reasonable attorneys' fees incurred by the Bank collecting any amount due thereunder.

27.    The Bank has performed all conditions precedent required to be performed on its part, except for those terms and conditions that have been excused, prevented, waived and/or released.

## THIRD CAUSE OF ACTION

**(Breach of Guaranty – Against Martifer Solar, S.A. and Does 1 through 50, Inclusive)**

28.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 27, above, as if specified here.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

29.    In connection with the making of the Loan, on or about November 15, 2012, Guarantor-2 executed and delivered to the Bank a Commercial Guaranty (the "Second Guaranty") whereby Guarantor-2 agreed to pay to the Bank the amount of all credit advanced to the Borrowers, plus interest, attorneys' fees and costs.  A true and correct copy of the Second Guaranty is attached hereto as Exhibit "4" and incorporated herein by this reference.

30.    In reliance in part on the on the Second Guaranty, the Bank agreed to extend credit and continue to extend credit to the Borrowers under the terms of the Loan Documents.

31.    As specified in paragraph 16, above, the Borrowers defaulted under the terms of the Loan Documents by, among other things, failing to pay to the Bank all principal, interest, fees and costs owed on the Note by the November 30, 2013 maturity date thereof.

32.    Despite demand, Guarantor-2 has paid no sums pursuant to the terms of the Second Guaranty.

33.    As a result of the defaults by the Borrowers and the failure of Guarantor-2 to make any payments pursuant to the terms of the Second Guaranty, and after application of all payments, the following sums are due and payable from Guarantor-2 under the terms of the Loan Documents: (a) principal in the amount of not less than $6,302,000.00; (b) unpaid interest in an amount according to proof; (c) late charges in an amount according to proof; and (d) costs and reasonable attorneys' fees in an amount according to proof.

34.    Pursuant to the terms of the Second Guaranty, Guarantor-2 agreed to pay costs and reasonable attorneys' fees incurred by the Bank collecting any amount due thereunder.

35.    The Bank has performed all conditions precedent required to be performed on its part, except for those terms and conditions that have been excused, prevented, waived and/or released.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

## FOURTH CAUSE OF ACTION

**(For Recovery of Personal Property [Claim and Delivery] against All Named Defendants and DOES 1 through 50, Inclusive)**

36.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 35, above, as if specified here.

37.    In order to secure payment of the obligation evidenced by the Note, Borrower-1 executed and delivered to the Bank a Commercial Security Agreement dated November 15, 2012 ("CSA-1"), whereby, for valuable consideration, Borrower-1 granted the Bank a security interest in and to substantially all of Borrower-1's assets, including but not limited to its accounts, contract rights, rights of payment, instruments, notes, drafts, documents, chattel paper, general intangibles and other personal property, letters of credit, advices of credit, leases of personal property, inventory, work in process, finish merchandise, equipment, fixtures, furnishings, books and records, and deposit accounts (collectively, the "Borrower-1 Collateral").  A true and correct copy of CSA-1 is attached hereto as Exhibits "5" and is incorporated herein by this reference.  CSA-1 secures all obligations of Borrowers to the Bank whether existing at the time CSA-1 was signed or arising thereafter.

38.    The Bank is entitled, pursuant to the terms of the CSA-1, to take possession of the Borrower-1 Collateral if Borrowers default under the terms of the BLA, Note, and/or CSA-1.

39.    As specified in paragraph 16, above, Borrowers defaulted under the terms of the Loan Documents by, among other things, failing to pay to the Bank all principal, interest, fees and costs owed on the Note by the November 30, 2013 maturity date thereof.

40.    The Bank has performed all conditions precedent required to be performed on its part pursuant to the terms of the BLA, Note, and CSA-1, except for those terms and conditions that have been excused, prevented, waived and/or released.

41.    The Bank has not taken possession of any of the Borrower-1 Collateral, nor is this complaint based upon any claimed deficiency balance.

42.    The Bank is informed and believes and thereon alleges that the Borrower-1 Collateral is now in the possession of Borrowers, Guarantors, and Does 1 through 50 (collectively,

1266893.4 | 023000-0918
7

1   the "CSA-1 Possession Defendants"). The Bank is entitled to immediate possession of the

2   Borrower-1 Collateral, but CSA-1 Possession Defendants unjustly detain the same from the Bank.

3   The Bank does not know the value of the Borrower-1 Collateral. The Bank will present

4   information regarding the value of the Borrower-1 Collateral at the time of any hearing related

5   thereto.

6          43.    By reason of the wrongful withholding by CSA-1 Possession Defendants, the Bank

7   is entitled to return of the Borrower-1 Collateral, plus damages for loss of use of the Borrower-1

8   Collateral in a sum equal to the accrued interest calculated on the value of the property, according

9   to proof, until paid or date of entry of judgment. In the alternative, the Bank is entitled to recover

10  from CSA-1 Possession Defendants payment for the actual value of the Borrower-1 Collateral,

11  according to proof, plus damages for loss of use of said property in a sum equal to accrued interest

12  calculated on said value at the legal rate, according to proof, until paid or date of entry of

13  judgment.

14                          **FIFTH CAUSE OF ACTION**

15      **(For Conversion against All Named Defendants and DOES 1 through 50, Inclusive)**

16         44.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1

17  through 43, above, as if specified here.

18         45.    The Bank is informed and believes and thereon alleges that prior to the

19  commencement of this action, Borrowers, Guarantors, and Does 1 through 50 (collectively, "CSA-

20  1 Conversion Defendants") wrongfully sold the Borrower-1 Collateral or otherwise converted the

21  Borrower-1 Collateral to their own use.

22         46.    By virtue of the above-described acts of CSA-1 Conversion Defendants, the Bank

23  is entitled to recover payment for the actual value of the Borrower-1 Collateral, according to

24  proof, plus interest thereon at the legal rate, according to proof, until paid in full or date of entry of

25  judgment, whichever occurs first.

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

## SIXTH CAUSE OF ACTION

**(For Recovery of Personal Property [Claim and Delivery] against All Named Defendants and DOES 1 through 50, Inclusive)**

47.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 46, above, as if specified here.

48.    In order to secure payment of the obligation evidenced by the Note, Borrower-2 executed and delivered to the Bank a Commercial Security Agreement dated November 15, 2012 ("CSA-2," and collectively with CSA-1, the "CSAs"), whereby, for valuable consideration, Borrower-2 granted the Bank a security interest in and to substantially all of Borrower-2's assets, including but not limited to its accounts, contract rights, rights of payment, instruments, notes, drafts, documents, chattel paper, general intangibles and other personal property, letters of credit, advices of credit, leases of personal property, inventory, work in process, finish merchandise, equipment, fixtures, furnishings, books and records, and deposit accounts (collectively, the "Borrower-2 Collateral"). A true and correct copy of CSA-2 is attached hereto as Exhibits "6" and is incorporated herein by this reference. CSA-2 secures all obligations of Borrowers to the Bank whether existing at the time CSA-2 was signed or arising thereafter. The BLA, Note, and CSAs are collectively referred to herein as the "Loan Documents."

49.    The Bank is entitled, pursuant to the terms of the CSA-2, to take possession of the Borrower-2 Collateral if Borrowers default under the terms of the Loan Documents.

50.    As specified in paragraph 16, above, Borrowers defaulted under the terms of the Loan Documents by, among other things, failing to pay to the Bank all principal, interest, fees and costs owed on the Note by the November 30, 2013 maturity date thereof.

51.    The Bank has performed all conditions precedent required to be performed on its part pursuant to the terms of the Loan Documents, except for those terms and conditions that have been excused, prevented, waived and/or released.

52.    The Bank has not taken possession of any of the Borrower-2 Collateral, nor is this complaint based upon any claimed deficiency balance.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

53. The Bank is informed and believes and thereon alleges that the Borrower-2 Collateral is now in the possession of Borrowers, Guarantors, and Does 1 through 50 (collectively, the "CSA-2 Possession Defendants"). The Bank is entitled to immediate possession of the Loan Collateral, but CSA-2 Possession Defendants unjustly detain the same from the Bank. The Bank does not know the value of the Borrower-2 Collateral. The Bank will present information regarding the value of the Borrower-2 Collateral at the time of any hearing related thereto.

54. By reason of the wrongful withholding by CSA-2 Possession Defendants, the Bank is entitled to return of the Borrower-2 Collateral, plus damages for loss of use of the Borrower-2 Collateral in a sum equal to the accrued interest calculated on the value of the property, according to proof, until paid or date of entry of judgment. In the alternative, the Bank is entitled to recover from CSA-2 Possession Defendants payment for the actual value of the Borrower-2 Collateral, according to proof, plus damages for loss of use of said property in a sum equal to accrued interest calculated on said value at the legal rate, according to proof, until paid or date of entry of judgment.

## SEVENTH CAUSE OF ACTION

**(For Conversion against All Named Defendants and DOES 1 through 50, Inclusive)**

55. The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 54, above, as if specified here.

56. The Bank is informed and believes and thereon alleges that prior to the commencement of this action, Borrowers, Guarantors, and Does 1 through 50 (collectively, "CSA-2 Conversion Defendants") wrongfully sold the Borrower-2 Collateral or otherwise converted the Borrower-2 Collateral to their own use.

57. By virtue of the above-described acts of CSA-2 Conversion Defendants, the Bank is entitled to recover payment for the actual value of the Borrower-2 Collateral, according to proof, plus interest thereon at the legal rate, according to proof, until paid in full or date of entry of judgment, whichever occurs first.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

## EIGHTH CAUSE OF ACTION

**(Specific Performance to Enforce Terms and Provisions of the CSA,
Appointment of Receiver and Injunctive Relief –
Against All Named Defendants and DOES 1 through 50, Inclusive)**

58.    The Bank refers to, realleges and incorporates herein by this reference paragraphs 1 through 57, above, as if specified here.

59.    The CSAs each provide, in pertinent part, as follows:

> **RIGHT AND REMEDIES ON DEFAULT.** If an event of Default occurs under this Agreement, at any time thereafter, Lender shall have the rights of a secured party under the [California/Nevada] Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:
>
> . . .
>
> **Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the Rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by lender shall not disqualify a person from serving as a receiver.

(CSA-1, at p. 5; CSA-2, at p. 4.)

60.    The Bank hereby requests, in accordance with the terms of the Loan Documents, that a receiver be appointed to take possession of the Collateral with the power to conserve, manage, protect and preserve the Collateral, including but not limited to, collecting rents from the Collateral.

61.    The Bank requests that this Court, in accordance with the provisions of the Loan Documents, and section 564, *et seq.* of the California Code of Civil Procedure, appoint a receiver to take possession, control, manage, sell, lease and care for the Collateral. The Bank has no speedy or adequate remedy at law and may suffer irreparable damage, injury and harm unless its application for the appointment for a receiver, as specifically provided for in the Loan Documents, is granted.

62.    Additionally, and in aid of the receiver, the Bank seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining each of the Defendants and DOES 1 through 50, and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

a.    Interfering, hindering or molesting in any way the receiver in the performance of the receiver's duties and other performance of any duties incidental thereto;

b.    Transferring, directly or indirectly, any interest by sale, pledge, grant of security interest, assignment, or encumbrance in any manner, in the Collateral, and all proceeds thereof;

c.    Transferring, concealing, destroying, defacing, or altering any of the Borrowers' books and records for the Borrower-1 Collateral and Borrower-2 Collateral (collectively, the "Collateral");

d.    Demanding, collecting, receiving or in any other way diverting or using any of the proceeds of the Collateral;

e.    Causing any mail of the Borrowers' to be forwarded to any addresses other than the Collateral, or otherwise interfering with or intercepting any mail intended for the Borrowers (or either of them);

f.    Failing or refusing to immediately turn over to the receiver all monies, checks, funds or proceeds belonging to or for the benefit of the Borrowers, and all premises from which the Borrowers conduct business; and

g.    Such and other and further injunctive relief sought by the Bank in any of the receiver's work, as described in motions and applications as may be separately filed with the Court.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

**WHEREFORE**, the Bank prays Judgment against defendants, and each of them, as follows:

<u>On the First Cause of Action against Borrowers and DOES 1 through 50, Inclusive:</u>

1.    For the principal sum of not less than $6,302,000.00, as of December 31, 2013;

2.    Interest accruing on the unpaid principal balance in a sum according to proof;

3.    Late charges in a sum according to proof;

4.    Costs and attorneys' fees according to proof;

<u>On the Second Cause of Action (Against Guarantor-1 and Does 1 through 50, Inclusive)</u> <u>and Third Cause of Action (Against Guarantor-2 and Does 1 through 50, Inclusive):</u>

5.    For the principal sum of not less than $6,302,000.00, as of December 31, 2013;

6.    Accrued and accruing interest on the unpaid principal balance according to proof;

7.    Late fees according to proof;

8.    Costs and attorneys' fees according to proof;

<u>On the Fourth Cause of Action and Sixth Cause of Action against All Named Defendants</u> <u>and DOES 1 through 50, Inclusive:</u>

9.    For return of the Collateral, plus interest calculated on the value of said property, according to proof, plus damages for loss of use of the Collateral in a sum equal to accrued interest calculated on said value according to proof at the legal rate, according to proof, until date of entry of judgment;

10.    For judgment that each of the CSAs be foreclosed; judgment for possession of the Collateral by the Bank and/or sale or liquidation of the Collateral in accordance with the Commercial Code and that the proceeds of the sale be applied to payment of the amounts due to the Bank; that the Court determine that the Borrowers and Does 1 through 50 are personally liable for payment of the sum secured by CSAs and that an order for deficiency judgment be entered pursuant to proceedings prescribed by law, that the Bank or any other party to the proceedings may become a purchaser at the foreclosure sale, whether by public or private sale;

1  <u>On the Fifth Cause of Action and Seventh Cause of Action against All Named Defendants</u>

2  <u>and DOES 1 through 50, Inclusive</u>:

3       11.    For judgment for a sum equal to the actual value of the property converted,

4  according to proof, plus interest thereon at the legal rate, according to proof until date of entry of

5  judgment;

6  <u>On the Eighth Cause of Action against All Named Defendants and DOES 1 through 50,</u>

7  <u>Inclusive</u>:

8       12.    For the appointment of a receiver to take possession of the Collateral, including,

9  but not limited to, all books, reports, and records pertaining to the Collateral, and manage, protect

10 and preserve the Collateral, including but not limited to, collecting any and all rents from the

11 Collateral.

12      13.    For judgment for a permanent injunction restraining and enjoining the defendants

13 and their members, managers, shareholders, directors, agents, officers, employees and

14 representatives, and each of them, from engaging in, or performing, directly or indirectly, any of

15 the following acts:

16         a.    Interfering, hindering or molesting in any way whatsoever the receiver in

17            the performance of the receiver's duties and of the performance of any

18            duties incidental thereto;

19         b.    Transferring, directly or indirectly, any interest by sale, pledge, grant of

20            security interest, assignment, encumbrance in any manner, in the

21            Collateral, and all proceeds thereof;

22         c.    Transferring, concealing, destroying, defacing, or altering the Borrowers'

23            books and records for the Collateral;

24         d.    Demanding, collecting, receiving, or in any other way diverting or using

25            any of the proceeds from the Collateral;

26         e.    Causing any mail of the Borrowers to be delivered or forwarded to any

27            address other than the Collateral, or otherwise interfering with or

28            intercepting any mail intended for the Borrowers;

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

f.      Failing or refusing to immediately turn over to the receiver all money,

checks, funds or proceeds belonging to or for the benefit of the Borrowers,

and all premises from which the Borrowers conduct business; and

g.      Such other and further injunctive relief and orders as are sought by the

Bank, in aid of the receiver's duties, as may be described in motions and

applications filed by the Bank with the Court.

14.     For costs and expenses incurred by the receiver in the performance of the receiver's

duties, including, without limitation, receiver's fees and charges and attorneys' fees.

15.     For costs and reasonable attorneys' fees incurred in the enforcement of the

obligations owed to the Bank and in the protection of the Bank's interest in the CSAs according to

proof.

On All Causes of Action:

16.     For costs of suit incurred herein; and

17.     For such other and further relief as the Court deems just and proper.

DATED: December 31, 2013          FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                  MICHAEL GERARD FLETCHER
                                  MARSHALL J. AUGUST
                                  BOB BENJY


                                  By: _____
                                      BOB BENJY
                                      Attorneys for Plaintiff CATHAY BANK

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>6500 WILSHIRE BOULEVARD, 17TH FLOOR<br>LOS ANGELES, CALIFORNIA 90048-4920<br>(323) 852-1000

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing VERIFIED COMPLAINT and know its contents.

☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am Vice President of Cathay Bank, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

        ☒    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

        ☐    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for Cathay Bank, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 3, 2013, at El Monte, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Eileen Lewis
_____
Print Name of Signatory

_____
Signature

1266893.4 | 023000-0918

16

# EXHIBIT 4

| From: | nschultzesq@gmail.com |
|---|---|
| Sent: | Friday, January 24, 2014 8:45 AM |
| To: | Hemal K. Master; Michael Fletcher |
| Cc: | Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura |
| Subject: | Re: Martifer: Draft Cash Collateral Stipulation |

Thank you for acknowledging my email. It looks like the time horizon for the Bank's evaluative process and the Debtors' urgent need to use cash collateral are not in alignment. Perhaps your client will reach a decision to negotiate in good faith regarding consensual use of cash collateral at some point, but the Debtors cannot stand by waiting to find out if and when that will happen.


Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com


**From:** Michael Fletcher
**Sent:** Friday, January 24, 2014 11:09 AM
**To:** 'nschultzesq@gmail.com'; Hemal K. Master
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura


Nathan: the Bank continues to evaluate its options.

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:          323-852-1000
Facsimile:      323-651-2577
E-mail:         mfletcher@frandzel.com
Web:            www.frandzel.com

GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** nschultzesq@gmail.com [mailto:nschultzesq@gmail.com]
**Sent:** Thursday, January 23, 2014 7:40 PM
**To:** Hemal K. Master; Michael Fletcher
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura
**Subject:** Re: Martifer: Draft Cash Collateral Stipulation

Gentlemen:

I just want to make sure that my email has been working properly and your response to the cash collateral stipulation that I forwarded a day and a half ago has not gotten lost in the ether or been absconded by my spam filter.

If your client does not intend to engage in any good faith negotiations regarding the use of cash collateral, then I would very much appreciate the courtesy of a simple response advising of that fact.

As indicated in Brett's letter of today, the Debtors remain of the view that a consensual agreement for the use of cash collateral would serve the interests of all involved.

Please also see the slightly revised draft 13-week cash flow attached.

Thank you in advance for your prompt and earnest response,
Nathan

Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

**From:** nschultzesq@gmail.com
**Sent:** Wednesday, January 22, 2014 12:52 PM
**To:** Hemal K. Master; Michael Fletcher
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura

The DIP facility contemplated by the cash flow would be provided by the parent company on a junior lien basis-- see paragraph 7 of the draft cash collateral stipulation.

My understanding of the opening cash balance is that it would include amounts on deposit with Cathay and CB&T.

Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

**From:** Michael Fletcher
**Sent:** Wednesday, January 22, 2014 12:38 PM
**To:** nschultzesq@gmail.com; Hemal K. Master
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura

The Bank will undoubtedly have other questions and comments, but my initial ones are: (1) what is the DIP facility, who is the lender, and what is the proposed collateral; and (2) what is the nature of the opening cash balance of $505,700?

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90048-4920
Phone:        323-852-1000
Facsimile:    323-651-2577
E-mail:       mfletcher@frandzel.com
Web:          www.frandzel.com
 GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** nschultzesq@gmail.com [mailto:nschultzesq@gmail.com]
**Sent:** Wednesday, January 22, 2014 9:28 AM
**To:** Hemal K. Master; Michael Fletcher
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura
**Subject:** Re: Martifer: Draft Cash Collateral Stipulation

And your wish is my command...

This remains subject to review/update so all rights are reserved.


Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

**From:** nschultzesq@gmail.com
**Sent:** Wednesday, January 22, 2014 12:14 PM
**To:** Hemal K. Master; Michael Fletcher
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong
<jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart;
Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura

All good things to those who wait-- I will see what I can do.


Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

**From:** Michael Fletcher
**Sent:** Wednesday, January 22, 2014 12:13 PM
**To:** nschultzesq@gmail.com; Hemal K. Master
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong
<jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart;
Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura

That is what we have been expecting to receive, for awhile now.

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:         323-852-1000
Facsimile:     323-651-2577
E-mail:        mfletcher@frandzel.com
Web:           www.frandzel.com
GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone.   If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000.   Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is

not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** nschultzesq@gmail.com [mailto:nschultzesq@gmail.com]
**Sent:** Wednesday, January 22, 2014 9:11 AM
**To:** Hemal K. Master; Michael Fletcher
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura
**Subject:** Re: Martifer: Draft Cash Collateral Stipulation

Are you asking for a draft of the initial 13-week cash flow to review?

Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

**From:** Michael Fletcher
**Sent:** Wednesday, January 22, 2014 12:05 PM
**To:** nschultzesq@gmail.com; Hemal K. Master
**Cc:** Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com; Eileen Lewis; Gregory Badura

At least 3 weeks ago, Martifer claimed to be working on a cash collateral projection. Where is it?

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:        323-852-1000
Facsimile:    323-651-2577
E-mail:        mfletcher@frandzel.com
Web:          www.frandzel.com
🖋 GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone.   If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000.   Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**From:** nschultzesq@gmail.com [mailto:nschultzesq@gmail.com]
**Sent:** Wednesday, January 22, 2014 4:28 AM
**To:** Hemal K. Master
**Cc:** Michael Fletcher; Reed S. Waddell; Christopher D. Crowell; Avi Muhtar; Brett A. Axelrod; Micaela Rustia Moore; James Wong <jwong@armoryconsulting.com> (jwong@armoryconsulting.com); Roland Kiser; Klaus Bernhart; Sam@schwartzlawyers.com
**Subject:** Martifer: Draft Cash Collateral Stipulation

Hemal:

Attached please find a draft cash collateral stipulation.

Please review and advise at your earliest convenience whether this is acceptable to your client.  As I believe you are aware, we are hoping to schedule a first day hearing as early as this week.

Due to the timing constraints, this draft remains under internal review on our side, and all rights are reserved.

Thank you,
Nathan

Nathan A. Schultz, Esq.
Law Office of Nathan A. Schultz, P.C.
10621 Craig Road
Traverse City, MI 49686
Phone: 310.429.7128
Fax: 231.421.5731
Email: nschultzesq@gmail.com

# EXHIBIT 5

| | |
|---|---|
| From: | Reed S. Waddell |
| Sent: | Friday, January 24, 2014 6:36 PM |
| To: | Axelrod, Brett A.; Rustia Moore, Micaela |
| Cc: | Randolph L. Howard; Natalie M. Cox; Michael Fletcher; Christopher D. Crowell; Hemal K. Master |
| Subject: | Martifer |

Ms. Axelrod and Ms. Rustia Moore,

Now that the Pacer system is back up and functioning, I had the opportunity to review the "Attorney Information Sheet" filed by your office in the Martifer USA case regarding your efforts to contact "the parties" regarding your proposed "Ex Parte Emergency Motion for Order Shortening Time For Hearing on Interim and Final Orders [re use of Cathay Bank's cash collateral]." Your "Information Sheet" indicates that the "effort" you made to make contact with Cathay Bank with regard to your Motion was a telephone call January 23, 2014 (i.e., yesterday) to Hemal Master of our office, to which you state you received "No Response." This statement is surprisingly inaccurate and misleading, given each of the following:

A.  On Wednesday, January 22, 2014, Michael Fletcher and I filed Requests for Special Notice in both the Martifer USA and Martifer Aurora bankruptcies, yet you indicate that you made no effort to contact either of us regarding your contemplated Motion;

B.  Cathay Bank's has engaged local counsel located in Las Vegas (Randy Howard and Natalie Cox of Kolesar & Leatham) who have filed multiple pleadings in these cases, and yet you indicate no effort whatsoever to contact them regarding your motions;

C.  Both Michael Fletcher and I have submitted Petitions to be admitted to the Bankruptcy Court in Las Vegas for the purposes of these cases. The Court has already entered an Order in both cases admitting me, and we anticipate that similar Orders will be entered regarding Mr. Fletcher in the next few days, yet no effort to contact us regarding your Motions was discussed or made;

D.  Michael Fletcher transmitted a letter to you dated January 22, 2014, specifically addressing ongoing cash collateral issues and disputes between Martifer USA and Cathay Bank, to which you responded, in writing, on January 23, 2014, in which you also specifically addressed your views on these ongoing cash collateral issues and disputes, yet you fail to mention this dialog in your "Attorney Information Sheet;" and

E.  Your colleague, Nathan Schultz, has had an ongoing email dialog with Michael Fletcher for the past several days, which, as of 12:18 p.m. today, included at least 14 emails to which each of you were copied, specifically discussing a myriad of cash collateral issues, and included, among other things, the transmission of two different versions of the Debtors' proposed cash collateral budget by Mr. Schultz to Mr. Fletcher.

It is my view that each of the foregoing items render your "Attorney's Information Sheet," attesting that "No Response" was received to your efforts to contact Cathay Bank regarding your Motions, materially inaccurate, at best. Furthermore, please be advised that Mr. Master is a transactional lawyer who has not been, and will not be, a direct participant in these Bankruptcies going forward. He is leaving today for an extended trip overseas and will not be able to receive messages of any kind for the next several weeks. He should not be viewed by you or the Debtors as a "contact person" for Cathay Bank for any purpose whatsoever during the pendency of these Bankruptcy cases.

So it is clear, if and when the Court sets a hearing on your most recent Motions, and for any other purpose going forward, please make sure that all notices to Cathay Bank, (and/or any other inquiries or contact you may require regarding matters concerning Cathay Bank) are made to Michael Fletcher and me when you are trying to contact Cathay Bank through the Frandzel Robins office, and to Ms. Cox and Mr. Howard at the Kolesar & Leatham office if you are trying to contact the Bank through its local counsel.

Please give me a call if you have any questions.

Best regards,

Reed S. Waddell

**Reed S. Waddell**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:          (323) 658-9612
Facsimile:      (323) 651-2577
E-mail:          rwaddell@frandzel.com
Web:            www.frandzel.com
GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone.   If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000.   Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**35** YEARS
*of* SERVICE

# EXHIBIT 6

| | |
|---|---|
| **From:** | Rustia Moore, Micaela [MMoore@foxrothschild.com] |
| **Sent:** | Friday, January 24, 2014 7:19 PM |
| **To:** | Reed S. Waddell; Axelrod, Brett A. |
| **Cc:** | Randolph L. Howard; Natalie M. Cox; Michael Fletcher; Christopher D. Crowell; Hemal K. Master |
| **Subject:** | RE: Martifer |

Mr. Waddell,

Thank you for your email and advising us as to Mr. Master's status in this case. I have advised our staff to be sure to include you and Mr. Fletcher in all future requests for hearing on shortened time as well as include you both in the Rule 2002 service list. I don't believe I have seen requests for special notice for Mr. Howard and Ms. Cox but, as a courtesy, we can also include them in the requests for hearing on shortened time inquiry. I will file an amended Information Sheet to correct any misleading or inaccurate statement with respect to Cathay Bank. I'm happy to note in the Information Sheet that we have been trying to negotiate the use of cash collateral with you. If you would like me to include a more lengthy description as you note below, please let me know within the next hour. That being said, may we formally have your consent to have the matter heard on shortened time?

Mr. Fletcher, may we formally have your consent to have the matter heard on shortened time?

I apologize for the misunderstanding.

**Micaela Rustia Moore, Esq.**
Partner
**Fox Rothschild LLP**
3800 Howard Hughes Pkwy
Suite 500
Las Vegas, NV 89169
(702) 699-5911 - direct
(702) 597-5503- fax
MMoore@foxrothschild.com
www.foxrothschild.com

---

**From:** Reed S. Waddell [mailto:rwaddell@frandzel.com]
**Sent:** Friday, January 24, 2014 6:36 PM
**To:** Axelrod, Brett A.; Rustia Moore, Micaela
**Cc:** Randolph L. Howard; Natalie M. Cox; Michael Fletcher; Christopher D. Crowell; Hemal K. Master
**Subject:** Martifer

Ms. Axelrod and Ms. Rustia Moore,

Now that the Pacer system is back up and functioning, I had the opportunity to review the "Attorney Information Sheet" filed by your office in the Martifer USA case regarding your efforts to contact "the parties" regarding your proposed "Ex Parte Emergency Motion for Order Shortening Time For Hearing on Interim and Final Orders [re use of Cathay Bank's cash collateral]." Your "Information Sheet" indicates that the "effort" you made to make contact with Cathay Bank with regard to your Motion was a telephone call January 23, 2014 (i.e., yesterday) to Hemal Master of our office, to which you state you received "No Response." This statement is surprisingly inaccurate and misleading, given each of the following:

1

A. On Wednesday, January 22, 2014, Michael Fletcher and I filed Requests for Special Notice in both the Martifer USA and Martifer Aurora bankruptcies, yet you indicate that you made no effort to contact either of us regarding your contemplated Motion;

B. Cathay Bank's has engaged local counsel located in Las Vegas (Randy Howard and Natalie Cox of Kolesar & Leatham) who have filed multiple pleadings in these cases, and yet you indicate no effort whatsoever to contact them regarding your motions;

C. Both Michael Fletcher and I have submitted Petitions to be admitted to the Bankruptcy Court in Las Vegas for the purposes of these cases. The Court has already entered an Order in both cases admitting me, and we anticipate that similar Orders will be entered regarding Mr. Fletcher in the next few days, yet no effort to contact us regarding your Motions was discussed or made;

D. Michael Fletcher transmitted a letter to you dated January 22, 2014, specifically addressing ongoing cash collateral issues and disputes between Martifer USA and Cathay Bank, to which you responded, in writing, on January 23, 2014, in which you also specifically addressed your views on these ongoing cash collateral issues and disputes, yet you fail to mention this dialog in your "Attorney Information Sheet;" and

E. Your colleague, Nathan Schultz, has had an ongoing email dialog with Michael Fletcher for the past several days, which, as of 12:18 p.m. today, included at least 14 emails to which each of you were copied, specifically discussing a myriad of cash collateral issues, and included, among other things, the transmission of two different versions of the Debtors' proposed cash collateral budget by Mr. Schultz to Mr. Fletcher.

It is my view that each of the foregoing items render your "Attorney's Information Sheet," attesting that "No Response" was received to your efforts to contact Cathay Bank regarding your Motions, materially inaccurate, at best. Furthermore, please be advised that Mr. Master is a transactional lawyer who has not been, and will not be, a direct participant in these Bankruptcies going forward. He is leaving today for an extended trip overseas and will not be able to receive messages of any kind for the next several weeks. He should not be viewed by you or the Debtors as a "contact person" for Cathay Bank for any purpose whatsoever during the pendency of these Bankruptcy cases.

So it is clear, if and when the Court sets a hearing on your most recent Motions, and for any other purpose going forward, please make sure that all notices to Cathay Bank, (and/or any other inquiries or contact you may require regarding matters concerning Cathay Bank) are made to Michael Fletcher and me when you are trying to contact Cathay Bank through the Frandzel Robins office, and to Ms. Cox and Mr. Howard at the Kolesar & Leatham office if you are trying to contact the Bank through its local counsel.

Please give me a call if you have any questions.

Best regards,

Reed S. Waddell

**Reed S. Waddell**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:       (323) 658-9612
Facsimile:   (323) 651-2577
E-mail:      rwaddell@frandzel.com
Web:         www.frandzel.com
GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is

not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



**35** YEARS
*of* SERVICE

ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. ------------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

# EXHIBIT 7

| From: | Michael Fletcher |
|---|---|
| Sent: | Sunday, January 26, 2014 9:36 AM |
| To: | 'Chlum, Patricia'; j.michal.bloom@usdoj.com; Cathay Bank Local Counsel; Cathay Bank Local Counsel 2; Clean Energy and California CEC; Clean Energy2; Clean Energy3; Reed S. Waddell; Sam Schwartz |
| Cc: | Axelrod, Brett A.; Rustia Moore, Micaela; Eileen Lewis; Gregory Badura |
| Subject: | RE: In re Martifer v Cathay Bank, ADV 14-10014  Requests re OST |

As of Saturday, Cathay finally seems to have received from you most of the applicable pleadings as to financial issues. It is still not clear that we have all of them, but we do now have a sufficient number of the applicable pleadings and evidentiary support to be able to begin our evaluation of the financial requests. As of yesterday.

While Cathay would not oppose the issuance of an order shortening time to address the financial motions (cash collateral, DIP financing, and the TRO request --- which I don't believe we have yet), trying to have those hearings on Tuesday, 1/28, with initial oppositions to be filed tomorrow, is not only unrealistic but inequitable and unfair to Cathay. You have been working on these since December. Why Cathay is only seeing them at the last moment is a topic for another discussion. Please propose a more realistic time frame to have the initial financial hearings on shortened time.

**Michael Fletcher**
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA  90048-4920
Phone:         323-852-1000
Facsimile:     323-651-2577
E-mail:         mfletcher@frandzel.com
Web:           www.frandzel.com
🖐 GO GREEN: Please consider the environment before you print.

This electronic message contains information which may be confidential and privileged and is intended only for the named addressee.  Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone.   If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (323) 852-1000.   Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



35 YEARS
*of* SERVICE

---

**From:** Chlum, Patricia [mailto:pchlum@foxrothschild.com]
**Sent:** Saturday, January 25, 2014 2:59 PM
**To:** j.michal.bloom@usdoj.com; Cathay Bank Local Counsel; Cathay Bank Local Counsel 2; Clean Energy and California CEC; Clean Energy2; Clean Energy3; Michael Fletcher; Reed S. Waddell; Sam Schwartz
**Cc:** Axelrod, Brett A.; Rustia Moore, Micaela
**Subject:** In re Martifer v Cathay Bank, ADV 14-10014

Attached are the following:

- Verified Complaint for Preliminary Injunction [Dkt. 1]
- Motion for TRO [Dkt. 3]

1

- Declaration of Klaus Bernhart with exhibits [Dkt. 4]


**Patricia Chlum**
Paralegal
**Fox Rothschild LLP**
3800 Howard Hughes Pkwy
Suite 500
Las Vegas, NV 89169
(702) 699-5909 - direct
(702) 597-5503- fax
pchlum@foxrothschild.com
www.foxrothschild.com


ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. -------------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.