Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar No.: WI 1000609
*scott.a.farrow@usdoj.gov*

J. Michal Bloom, Trial Attorney
State Bar No.: NV 4706
*j.michal.bloom@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17
         TRACY HOPE DAVIS**

E-Filed:  January 28, 2014

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>**MARTIFER SOLAR, USA, INC.**<br><br>Debtor. | CASE NO: BK-**S-14-10357-abl**<br>Chapter 11<br>Date:  January 28, 2014<br>Time:  9:30 a.m. |

### OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' FIRST DAY MOTIONS (I) AUTHORIZING USE OF CASH COLLATERAL AND (II) AUTHORIZING POST-PETITION FINANCING;

To the Honorable August B. Landis, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby files her omnibus objection ("the Objection") to the Debtors' (1) *Motion for Order Authorizing Debtors to Use Cash Collateral [Docket No. 25]* (the "Cash Collateral Motion") and (2) *Motion for Order Authorizing Debtors to Obtain Post-Petition Financing [Docket No. 37]* (the "Post-Petition Financing Motion").

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtors or their representatives or agents, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. On January 21, 2014, Debtors commenced the captioned case by filing a voluntary petition for relief under chapter 11 of title of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). [Docket No. 1].

2. On January 22, 2014, Debtors filed first day motions on shortened time for orders directing joint administration, extending time to file their schedules and statements of financial affairs, and to designate responsible persons. [Docket Nos. 10 -13].

3. On January 23, 2014, the Court entered an Order Shortening Time on these motions and setting them for hearing on January 28, 2014. [Docket No. 23].

4. On January 24, 2014, Debtors filed additional first day motions on shortened time seeking authorization to use of cash collateral, obtain post-petition financing from their parent corporation, and to set administrative case procedures and limit notice. [Docket Nos. 25, 37 & 39].

5. On January 27, 2014, the Court entered an Order Shortening Time on these motions setting them for hearing on January 28, 2014, approximately 24 hours later. [Docket Nos. 49 & 50.

6. On January 27, 2014, employees for the United States Trustee mailed solicitation packets to the Debtors' 20 largest unsecured creditors giving creditors until February 7, 2014 to respond.

7. Although the United States Trustee does not object to the Debtors' request for an additional 14 days to file their statements and schedules, she strenuously objects to the entry of a final order authorizing the use of cash collateral or post-petition financing prior to the Debtors filing complete schedules and statements of financial affairs, providing proper notice to all creditors and sufficient opportunity for the appointment (if warranted) of a creditors' committee pursuant to 11 U.S.C. Sec. 1102.

8. The United States Trustee also objects to the entry of interim orders granting these two "emergency" motions at today's hearing given that they were not filed until Friday, January 24, 2014. The United States Trustee has had insufficient time and information to analyze the proposed Interim Cash Budget and has initially requested more specific information from the Debtors regarding employee salaries, accounts receivables and expense reimbursements, which the Debtors are still in the process of providing. The Debtors propose paying salaries immediately upon granting of interim awards for use of cash collateral and post-petition financing, yet it is unknown whether the Debtors intend to pay insiders or include severance payments in violation of 11 U.S.C. Sec. 503(c).

9. The Debtors propose borrowing $5 million in post-petition loans from their US parent within 90 days of filing in addition to spending their pre-petition lender's cash collateral for

3

operations and professional fees. Yet, because there have been no schedules or statement of financial affairs filed and no initial debtor interview or 341 meeting of creditors held, there are no assurances that the Debtors are actually in a position to collect their receivables and generate sufficient new business to reorganize.

10. Of greater concern to the United States Trustee is the likelihood that the Debtors and their proposed insider post-petition lender, may be bargaining away third-party creditor protections within the first few days of the case and may be attempting to "roll-up" pre-petition debt in post-petition financing. The negotiated "DIP Agreement" between the Debtors and their US parent is 29 pages in length. Although this agreement was entered into pre-petition, the United States Trustee is seeing it for the first time yesterday, since it was not filed until 8:00 p.m. on Friday night, January 24, 2014. [*See* Docket No. 40]. "Dip Liens" are proposed which would wrap around any and all of the Debtors' unencumbered collateral, including any potential avoidance actions. Since there has been no statement of financial affairs filed, there is no way to know what, if any avoidance actions exist. The DIP Agreement would prevent the estate and its creditors from pursuing an avoidance action against the parent to recover any monies owed. It is worthy of note that any bar on a DIP action also bars its successor in interest, a trustee appointed either in chapter 11 or upon conversion to chapter 7. Furthermore, any chapter 11 creditors' committee would be dissolved if the cases convert, thus leaving no one with standing to file an action. *See Hill v. Akamai Techs., Inc. (In re MS55, Inc.),* 477 F.3d 1131 (9th Cir. 2007).

11. The proposed "Events of Default" and "Carve-Out discussed in the Debtors' motions and declarations raise concerns as well. It appears that if the Debtors in possession lose control of their companies through conversion, dismissal or appointment of a trustee or examiner with expanded powers, $2 million of the estates' liquid assets are immediately taken out of estate

4

funds and set aside to pay professionals. If the first day motions are granted and the DIP Agreement approved, the Debtors and any successor trustee would be barred from opposing the removal of these funds from the estates in case of default.

WHEREFORE, the United States Trustee respectfully requests that the Court deny both Debtors' Motions for interim and final orders authorizing the use of cash collateral and post-petition financing. If , however, the Court is inclined to grant either or both of these motions, the United States Trustee requests that the Court schedule a final hearing far enough out to permit the possible formation of an unsecured creditors committee and to allow the opportunity to object to final orders on these motions.

Dated: January 28, 2014

                             **TRACY HOPE DAVIS**
                             **UNITED STATES TRUSTEE, REGION 17**

By:    */s/ J. Michal Bloom*
         J. Michal Bloom, Esq.
         Attorney for the United States Trustee