BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar Aurora, LLC
and Martifer Solar USA, Inc.*

Electronically Filed February 5, 2014

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

MARTIFER AURORA SOLAR, LLC, a
Nevada limited liability company,

☐ Affects Martifer Aurora Solar, LLC
☒ Affects Martifer Solar USA, Inc.
☐ Affects all Debtors

Case Nos. BK-S-14-10355-abl and
BK-S-14-10357-abl

Jointly Administered under
Case No. BK-S-14-10355-abl

Chapter 11

**NOTICE OF ENTRY OF ORDER (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITY PROVIDERS; (3) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Hearing Date:  January 28, 2014
Hearing Time: 9:30 a.m.

**PLEASE TAKE NOTICE** that on the 5th day of February, 2014, the Court entered an Order

ACTIVE 24669892v1 02/05/2014                                                   1

1 (1) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course Payments to Utility Providers; (3) Deeming Utility Providers Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance [Docket No. 92], a copy of which is attached hereto.

Dated this 5th day of February, 2014.

**FOX ROTHSCHILD LLP**

By  *s/ Brett A. Axelrod*
  BRETT A. AXELROD (NV Bar No. 5859)
  MICAELA RUSTIA MOORE (NV Bar No. 9676)
  3800 Howard Hughes Parkway, Suite 500
  Las Vegas, Nevada 89169
  *[Proposed] Counsel for Martifer Solar Aurora, LLC and Martifer Solar USA, Inc.*

*[signature]*

Honorable August B. Landis
United States Bankruptcy Judge

**Entered on Docket**
**February 05, 2014**

___

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar Aurora, LLC
and Martifer Solar USA, Inc.*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITY PROVIDERS; (3) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date: January 28, 2014<br>Hearing Time: 9:30 a.m. |

ACTIVE 24600117v1 01/31/2014            1

The Court, having reviewed and considered Debtor's Motion (the "Motion"),[1] for an Order (1) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course Payments to Utilities Providers; (3) Deeming Utility Providers Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Order") and the Omnibus Declaration of Klaus Bernhart filed in support of Debtor's First Day Motions (the "Omnibus Declaration"); all pleadings and evidence submitted in connection with the Motion; and the oral arguments made at the hearing held on January 28, 2014; with appearances as noted in the record; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334; it appearing that venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); notice of the Motion being good and sufficient and appropriate under the circumstances; and for good cause appearing,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1. The Motion is GRANTED;

2. The utility providers (the "Utility Providers"), as listed on **Exhibit A** attached hereto, are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3. Debtor is authorized to (a) provide the Utility Providers, upon request, sums equal to fifty percent (50%) of Debtor's estimated monthly costs for utility services for each of the Utility Providers (each sum, a "Utility Deposit"), based upon an average of Debtor's monthly utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services (as defined in the Motion) provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments");

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Motion.

4.    Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

5.    If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

    5.1.    If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

    5.2.    The Request must be actually received by Debtor and Debtor's counsel, Micaela Rustia Moore, Esq., Fox Rothschild LLP, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169, within 45 days of the date of the interim order granting this Motion (the "Request Deadline");

    5.3.    Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

    5.4.    If Debtor believes that a Request is unreasonable, then Debtor shall, within 30 days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

5.5. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

6. If Debtor supplements the list on **Exhibit A** attached hereto subsequent to the filing of this Motion, Debtor will serve a copy of this Motion and the signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

7. Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit A** adding the name of the Utility Provider so served. The added Utility Provider shall have 30 days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

8. Finally, the Order provides that Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and/or prepetition deposit to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. The immediate refund of a Utility Deposit or prepetition deposit by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

9. Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by

ACTIVE 24600117v1 01/31/2014                    4

Debtor with notice to the utility provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16. Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

ACTIVE 24600117v1 01/31/2014

5

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

BY    /s/ Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar Aurora, LLC and Martifer Solar USA, Inc.*

APPROVED/~~DISAPPROVED~~:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY    /s/ J. Michal Bloom
    J. Michal Bloom
    Trial Attorney for Acting U.S. Trustee,
    Tracy Hope Davis

APPROVED/~~DISAPPROVED~~:

**KOLESAR & LEATHAM**

BY    /s/ Natalie M. Cox
    Natalie M. Cox
    400 S. Rampart, Suite 400
    Las Vegas, NV 89145

    Michael Gerard Fletcher
    Reed S. Waddell
    **FRANDZEL ROBINS BLOOM & CSATO, L.C.**
    6500 Wilshire Blvd., 17th Fl.
    Los Angeles, CA 90048-4920
*Counsel for Cathay Bank*

APPROVED/~~DISAPPROVED~~:

**THE SCHWARTZ LAW FIRM, INC.**

BY    /s/Samuel A. Schwartz
       Samuel A. Schwartz
       Bryan A. Lindsey
       6623 Las Vegas Blvd. South, Suite 300
       LasVegas, NV  89119
*Counsel for Martifer Solar, Inc.*

ACTIVE 24600117v1 01/31/2014                    7

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

J. Michal Bloom, Trial Attorney
for Acting U.S. Trustee,
Tracy Hope Davis
*APPROVED*

Natalie M. Cox
Kolesar & Leatham

Michael Gerard Fletcher
Reed S. Waddell
Frandzel Robins Bloom & Csato, L.C.
for Cathay Bank
*APPROVED*

Samuel A. Schwartz
Bryan A. Lindsey
The Schwartz Law Firm, Inc.
for Martifer Solar, Inc.
*APPROVED*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

ACTIVE 24600117v1 01/31/2014                                8

**EXHIBIT A**
Utility Providers

| Account No. | Debtor | Vendor Names | Type of Utility |
|---|---|---|---|
| 4100050113 | Martifer Solar USA, Inc. | Av | Office Phone |
| 6000687956 | Martifer Solar USA, Inc. | Citrix | Office Phone |
| 169 703 4842 7 | Martifer Solar USA, Inc. | Gas Company | Gas |
| 4000000295560 | Martifer Solar USA, Inc. | XO Communications | Office Phone |
| 042 215 1000 | Martifer Solar USA, Inc. | LAD | Power |
| 10095489 | Martifer Solar USA, Inc. | PowerNet Global | Office Phone |
| 772521237-00001 | Martifer Solar USA, Inc. | Verizon (Cells) | Cell Phone |
| 772521237-00002 | Martifer Solar USA, Inc. | Verizon (Air Cards) | Cell Phone |
| 01 1717 1128693497 07 | Martifer Solar USA, Inc. | Verizon (Fax) | Office Phone |
| 8448 20 034 0249522 | Martifer Solar USA, Inc. | Time Warner Cable | Cable TV |
| 2-35-542-0688 | Martifer Solar USA, Inc. | Southern CA Edison | Power |
| Martifer Solar USA | Martifer Solar USA, Inc. | GeekTek IT Services, Inc.[1] | IT Service |

---

[1] Added at the January 28, 2014 hearing based on counsel's representations.

ACTIVE 24600491v1 01/29/2014